**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BAHADUR SINGH; GURBUX KAUR, a.k.a. Gurbax Kaur, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 09-70023 <br><br> Agency Nos. A097-548-985 <br> A097-548-986 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 12, 2014[**]

Before:    McKEOWN, WARDLAW, and M. SMITH, Circuit Judges.

Bahadur Singh and Gurbux Kaur, natives and citizens of India, petition for
review of the Board of Immigration Appeals' order dismissing their appeal from an
immigration judge's decision denying their applications for asylum, withholding of
removal, and protection under the Convention Against Torture ("CAT"). We have

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010), and we deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on the inconsistency between Singh's testimony and his asylum application regarding the number of times he was arrested in India.  *See id.* at 1047 ("inability to consistently describe the underlying events that gave rise to [petitioner's] fear was an important factor that could be relied upon by the [agency] in making an adverse credibility determination").  The agency reasonably rejected Singh's explanation for the inconsistency.  *See Rivera v. Mukasey*, 508 F.3d 1271, 1275 (9th Cir. 2007).  Thus, in the absence of credible testimony, petitioners' asylum and withholding of removal claims fail.  *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Petitioners' CAT claim also fails because it is based on the same testimony found to be not credible, and petitioners do not point to any evidence that shows it is more likely than not that they would be tortured if returned to India.  *See id.* at 1156-57.

**PETITION FOR REVIEW DENIED.**